UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13 - 3050

------------------------------------------------------------------------ x

ERIC RAMIREZ,

                                PLAINTIFF

            -against-

THE CITY OF NEW YORK, POLICE OFFICER
THOMAS SIESTO SHIELD #10817, JOHN DOE #1-8,
                                DEFENDANTS

COMPLAINT AND
JURY DEMAND

ECF CASE

DEARIE, J.

LEVY, M.J.

------------------------------------------------------------------------ x

Plaintiff Eric Ramirez by his attorneys, Stoll, Glickman & Bellina, LLP, for his complaint alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights.

2.    The claim arises from an August 21, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, assault, battery and excessive force.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action arises under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution of the State of New York.

5.    The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

6.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7.    Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

8.    Plaintiff is a United States citizen and at all times here relevant, was a resident of Kings County in New York State.

9.    The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.  At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10.    Police Officer Thomas Siesto Shield #10817 was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York.  On information and belief, defendant Siesto was involved in the arrest of plaintiff and the assault committed against plaintiff and/or failed to intervene in the actions of his fellow officers when he observed them assaulting plaintiff.  Defendant Siesto is sued in his individual capacity.

11.    All other individual defendants ("the officers"), including John Doe #1-8, individuals

whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities.

12.    At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13.    On August 22, 2012, at approximately 12:45 am, plaintiff was at the intersection of Halsey Street and Broadway in Brooklyn New York.

14.    Plaintiff was approached by the defendant NYPD officers who surrounded plaintiff and indicated he was being placed under arrest.

15.    Plaintiff did not resist or attempt to evade arrest in any way.

16.    Without warning or provocation, defendants grabbed plaintiff from behind, and threw him intentionally and forcefully to the ground

17.    While plaintiff was on the ground, defendants kicked him multiple times about his body.

18.    Plaintiff was taken in an ambulance to Brookdale hospital.

19.    At Brookdale plaintiff was diagnosed with a fracture of his left radial head (a bone in the forearm near the elbow), and a fracture of his right base metacarpal (a bone at the base of the ring finger).  Plaintiff was also diagnosed with skin avulsion.  Plaintiff was required to wear a cast on his right hand and keep his left arm in a sling for several weeks as a result of the incident.

20.    Plaintiff was not charged with resisting arrest or any violent crime related to this incident.

21.    At all times during the events described above, the defendant police officers were

engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual

officers assisted each other in performing the various actions described and lent their physical

presence and support and the authority of their office to each other during said events. They

failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

22.    During all of the events above described, defendants acted maliciously and with intent

to injure plaintiff.

DAMAGES

23.    As a direct and proximate result of the acts of defendants, plaintiff suffered the

following injuries and damages:

a.    Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the

United States Constitution;

b.    Violation of his right to Due Process of Law under the Fourteenth Amendments to

the United Stated Constitution;

c.    Physical pain and suffering;

d.    Emotional trauma and suffering, including fear, embarrassment, humiliation,

emotional distress, frustration, extreme inconvenience, anxiety.

FIRST CAUSE OF ACTION
(42 U.S.C. §1983 – Excessive Force)

24.    The above paragraphs are here incorporated by reference.

25.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights under

color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42

USC § 1983.

26.    Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches

and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

27. Defendants used excessive force against plaintiff and failed to intervene in each other's obviously illegal actions.

28. By using excessive force against plaintiff, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

29. In addition, the officer defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

30. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

31. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
(Municipal And Supervisory Liability)

32. The above paragraphs are here incorporated by reference.

33.     The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

34.     The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

35.     For example, the well documented failures of the CCRB, a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in

without fear of reprisal. Furthermore, although the City has been on notice, through plaintiff's complaints to the IAB from the first day of the incidents complained of, the City has failed to remedy the wrong.

39.    Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

40.    The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but have nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

### THIRD CAUSE OF ACTION
(ASSAULT)

41.    The above paragraphs are here incorporated by reference.

42.    Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

43.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, and New York State laws and Constitution.

44.    Plaintiff was damaged by defendants' assault.

### FOURTH CAUSE OF ACTION

(BATTERY)

45.  The above paragraphs are here incorporated by reference.

46.  Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

47.  Defendants used excessive and unnecessary force with plaintiff.

48.  Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, and the New York State Constitution.

49.  Plaintiff was damaged by defendants' battery.

## SEVENTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

50.  The above paragraphs are here incorporated by reference.

51.  Defendants, acting under color of law, violated Plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

52.  A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## EIGHTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION)

53.  The above paragraphs are here incorporated by reference.

54.  Upon information and belief, defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

55.  Upon information and belief, defendant City, through the NYPD, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful

person should have anticipated an injury to plaintiff or those in a position similar to plaintiff's as a result of this conduct.

56.   Upon information and belief, defendant officers were incompetent and unfit for their positions.

57.   Upon information and belief, defendant City knew or should have known through exercise of reasonable diligence that the officer defendants were potentially dangerous and had previously falsely arrested civilians without probable cause.

58.   Upon information and belief, defendant City's negligence in hiring and retaining the officer defendants proximately caused plaintiff's injuries.

59.   Upon information and belief, because of the defendant City's negligent hiring and retention of defendant officers, plaintiff incurred damages described above.

## NINTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

60.   The above paragraphs are here incorporated by reference.

61.   Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

62.   As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.   Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this

action; and

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    May 31, 2013
          Brooklyn, New York


TO:    City of New York
       Corporation Counsel Office
       100 Church Street
       New York, NY  10007

       Thomas Siesto Shield# 10817
       NYPD – 9th Precinct
       321 East 5 Street
       New York, NY, 10003

Respectfully yours,

By: Nicholas Mindicino, Esq.
Bar# NM0437
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY  11217
(718) 852-3710
(718) 852-3586
NMindicino@stollglickman.com

their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB.  The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

36.    The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct.  The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized.  Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

37.    Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct.  Without this notification, improper search and seizure practices and incredible testimony go uncorrected.  Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.  Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

38.    The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.  Despite such notice, the City has failed to take corrective action.  This failure and these policies caused the officers in the present case to violate plaintiff's civil rights,